UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES E. COOPER,

                      Plaintiff(s),                  **COMPLAINT**

     -against-                            **PLAINTIFF DEMANDS**
                                                       **TRIAL   BY   JURY**

THE LONG ISLAND RAILROAD COMPANY,

                      Defendant(s).
-----------------------------------------------------------X

       Plaintiff, by his attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

       1.   The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 5l, et seq.).

       2.   Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

       3.   Upon information and belief and at all times herein mentioned, the defendant had been and still is doing business in the County of New York, State of New York, within the jurisdiction of this Court and in various other states.

       4.   At all times herein mentioned, the defendant was and still is a common carrier by rail engaged in interstate commerce between different states in the United States.

       5.   That on and prior to July 22, 2014 and at all times hereinafter mentioned the defendant employed the plaintiff, JAMES E. COOPER, as a Storeroom Attendant under its direction, supervision and control and in furtherance of its business in interstate commerce.

6.  That on and prior to July 22, 2014, and at all times hereinafter mentioned, the defendant maintained and controlled railroad operations in Queens, New York, more particularly known as the Hillside Maintenance Facility, which included the tracks, rails, platforms, switches, sidings, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

7.  That the defendant was under a duty to keep its premises aforementioned in a safe condition and free from any and all hazards, as well as a duty to provide the plaintiff with a safe work place and/or safe tools, equipment and/or personnel with which to work.

8.  That on or about July 22, 2014, while the plaintiff, as an employee of the defendant, was in the performance of his duties as a Storeroom Attendant at or near the aforesaid location, he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place to work and/or safe tools, equipment and/or personnel with which to work, as hereinafter set forth.

9.  That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and/or safe tools, equipment and/or personnel with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Conductor;  in failing to provide the plaintiff with the necessary and proper tools, equipment and/or personnel with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

10. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

11. That the plaintiff, JAMES E. COOPER was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the paragraphs designated 1 through 11 of this Complaint, both inclusive, as if more fully set forth at length herein.

13. That on and prior to September 16, 2014 at all times hereinafter mentioned the defendant employed the plaintiff, JAMES E. COOPER, as a Storeroom Attendant, under its direction, supervision and control and in furtherance of its business in interstate commerce.

14. That on and prior to September 16, 2014, and at all times hereinafter mentioned, the defendant maintained and controlled railroad operations in Queens County, New York, more particularly known as the Hillside Maintenance Facility, which included the tracks, rails, platforms, switches, sidings, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

15. That the defendant was under a duty to keep its premises aforementioned in a safe condition and free from any and all hazards, as well as a duty to provide the plaintiff with a safe work place and/or safe tools, equipment and/or personnel with which to work.

16. That on or about September 16, 2014, while the plaintiff, as an employee of the defendant, was in the performance of his duties as a Conductor at or near the aforesaid location, he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place to work and/or safe tools, equipment and/or personnel with which to work, as hereinafter set forth.

17.   That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and/or safe tools, equipment and/or personnel with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Conductor;  in failing to provide the plaintiff with the necessary and proper tools, equipment and/or personnel with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

18.   That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

19.   That the plaintiff, LOUIS CHARLACK was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff JAMES E. COOPER, demands judgment against the defendant LONG ISLAND RAILROAD COMPANY, in the sum of TWO MILLION ($2,000,000.00) DOLLARS for the First Cause of Action and in the sum of TWO MILLION ($2,000,000.00) DOLLARS for the Second Cause of Action, together with the costs and disbursements of this action.

Dated:  Rockville Centre, New York
       November 11, 2015

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500